Manuela SARMIENTO, Rafael Sarmiento, Rafael Alberto Sarmiento, Haider Sarmiento, and Jeymys Isabel Sarmiento, Petitioners,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

Nos. 03–40358–ag (L); 03–40362(Con) NAC.

United States Court of Appeals, Second Circuit.

June 21, 2006.

Howard M. Rosengarten, Robert A. Cini, New York, NY, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, James J. Finnerty, William J. Nardini, Assistant

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

United States Attorneys, Bridgeport, CT, for Respondent.

Present WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Rafael Sarmiento, a native and citizen of Colombia, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Elizabeth Lamb's decision denying his application for asylum and withholding of removal, in which his wife and three children were named derivative beneficiaries. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion, we review the IJ's decision directly as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ denied Sarmiento's claim on adverse credibility grounds, citing inconsistencies between Sarmiento's testimony, his wife's testimony, and his supporting documents as to when Sarmiento began working for the coffee factory and how much money he was earning. Although both Sarmiento and his wife may have been consistent about Sarmiento's official hiring in 1984 by Fedi Café, there were inconsistencies about when he started driving trucks for the company. Moreover, even Sarmiento's corrected testimony does not explain why he would have

been eligible for insurance through Fedi Café prior to being officially hired in 1984. Furthermore, the IJ reasonably rejected Sarmiento's explanation that he could not remember these details because the events occurred a long time ago. Nor did the IJ err in finding that Sarmiento was internally inconsistent or unclear about his salary, inasmuch as his testimony was inconsistent with his employment contract and social security document. All of these matters are material to Sarmiento's claims because they go to whether he actually worked for Fedi Café and actually worked as a high ranking union member for that company. Therefore, the IJ's adverse credibility determination is supported by substantial evidence.

■ We also agree with the IJ that, even if credible, Sarmiento failed to establish that he suffered past persecution in Colombia. Lastly, the IJ did not err in basing his burden of proof finding on the fact that Sarmiento's wife and children remained in Colombia several years after he left for the United States. This factor, in conjunction with the adverse credibility determination and the lack of past persecution in Colombia, is sufficient for this Court to affirm the IJ's decision.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).